UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILSON TILLMAN,

    Petitioner,

v.                                          Case No. 3:14cv227/MCR/CJK

JULIE L. JONES,

    Respondent.
_____/

REPORT AND RECOMMENDATION

Before the court is an amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 11). Respondent moves to dismiss the petition as an unauthorized second or successive habeas corpus application and as time-barred, providing relevant portions of the state court record and the record of petitioner's prior federal habeas proceeding. (Doc. 22). Petitioner has not responded, although invited to do so. (*See* Doc. 23). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the court

show that the petition is an unauthorized "second or successive" habeas corpus application under 28 U.S.C. § 2244(b)(3)(A); that petitioner failed to obtain the requisite authorization before filing this petition; and that this case should be dismissed for lack of jurisdiction.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner is an inmate of the Florida penal system currently confined at Okaloosa Correctional Institution in Crestview, Florida. Petitioner is challenging his 1983 judgment of conviction for second degree murder, attempted manslaughter, and carrying a concealed firearm entered in Escambia County Circuit Court Case Number 82-CF-3524. (Doc. 11). Petitioner raises one claim of ineffective assistance of trial counsel and one claim of ineffective assistance of appellate counsel. (*Id*., pp. 5-7).

Petitioner admits on the petition form that he previously challenged his 1983 judgment in a petition for a writ of habeas corpus filed in this court under 28 U.S.C. § 2254. (Doc. 11, p. 12 (disclosing *Tillman v. Singletary*, Case Number 3:93cv30364/RV)). This court's records, and respondent's exhibits, confirm this fact. Petitioner filed his first § 2254 petition challenging the 1983 judgment on June 29, 1993. (*See* Case No. 3:93cv30364/RV, Doc. 1) (copy of petition provided at Doc. 22, Ex. M). This court denied the petition on the grounds that petitioner's claims were procedurally defaulted. (*See* Case No. 3:93cv30364, Docs. 11, 15, 16) (copies provided at Doc. 22, Exs. P, R). The Eleventh Circuit dismissed petitioner's appeal on October 18, 1995. (*See* Case No. 3:93cv30364, Doc. 29) (copy provided at Doc. 22, Ex. V). Thereafter, petitioner filed two motions to correct illegal sentence in state court under Florida Rule of Criminal Procedure 3.800(a). (Doc. 22, Exs. W, CC ). The motions were summarily denied. (Doc. 22, Exs. X, DD). The First DCA

affirmed. (Doc. 22, Exs. BB, EE). The instant federal habeas petition followed.

## DISCUSSION

Title 28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* Rule 9, Rules Governing Section 2254 Cases (2011) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that was not previously authorized by an appellate court. *Burton v. Stewart*, 549 U.S. 147, 127 S. Ct. 793, 796, 799, 166 L. Ed. 2d 628 (2007) (holding that district court lacked jurisdiction to entertain second habeas petition since prisoner did not obtain an order authorizing him to file the petition); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

The instant petition is "a second or successive" habeas corpus application. Because petitioner did not first obtain the Eleventh Circuit's permission to file a second or successive habeas corpus petition, this court lacks subject-matter jurisdiction to consider the petition.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing

required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Therefore, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 22) be GRANTED.

2. That the amended petition for writ of habeas corpus (doc. 11), challenging petitioner's judgment of conviction and sentence in *State of Florida v. Wilson Tillman* in the Circuit Court for Escambia County, Florida, Case No. 82-CF-3524, be DISMISSED for lack of jurisdiction, as an unauthorized second or successive habeas corpus application.

3.  That the clerk be directed to close the file and to send petitioner the Eleventh Circuit's form application for leave to file a second or successive petition.

4.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 16th day of June, 2015.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.